IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **GEORGE HAWTHORN** | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION NO. 17-488 |
| | * | |
| **GEORGIA PACIFIC BREWTON,** | * | |
| **LLC and GEORGIA PACIFIC, LLC** | * | JURY TRIAL DEMANDED |
| | * | |
| Defendants. | * | |

# COMPLAINT

## I. INTRODUCTION

1. Plaintiff brings this action to redress discrimination in employment in violation of the Age Discrimination in Employment Act ("ADEA"). Specifically, the Plaintiff George Hawthorn brings this action for injunctive relief, back pay, front pay, liquidated damages and attorneys' fees and costs under the ADEA of 1967, 29 U.S.C. § 621 *et seq*. Plaintiff demands a trial by jury pursuant to 29 U.S.C. § 626(c)(2).

## II. JURISDICTION AND VENUE

2. The jurisdiction of the Court over this controversy is based upon Section 7(c) of the ADEA, 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331, 1343(a)(4).

3. Venue is proper in the Southern District of Alabama pursuant to 28 U.S.C. § 1391(b)(1) and (2).

**III. EXHAUSTION OF ADMINISTRATIVE REMEDIES**

4. Prior to filing this civil action, the Plaintiff timely filed a written charge asserting age discrimination with the Equal Employment Opportunity Commission ("EEOC").

5. Plaintiff files this action within 90 days of receiving his Right to Sue letter from the EEOC.

**IV. PARTIES**

6. George Hawthorn, Plaintiff herein ("Hawthorn" or "Plaintiff"), was employed by Defendants and their predecessor in their Brewton, Alabama mill for nearly forty years. He was sixty-one (61) years old at the time of his termination. He is a resident of the Southern District of Alabama.

7. Georgia Pacific Brewton, LLC ("Georgia Pacific" or "Defendant") is a foreign corporation that operates a paper-products mill in Brewton, Alabama. It is headquartered in Atlanta, Georgia, and, upon information and belief, is a subsidiary of Georgia Pacific, LLC, an international corporation employing more than 35,000 individuals worldwide.

8. Georgia-Pacific, LLC (referred to collectively, with Georgia Pacific Brewton LLC, as "Georgia Pacific" or "Defendant") is a foreign corporation that, upon information and belief, is the parent company of Georgia Pacific Brewton, LLC and, upon information and belief, oversees and implements its Human Resources functions.

9. Defendant is engaged in industry affecting commerce, as defined in Section 14(h) of the ADEA, 29 U.S.C. § 630(h).

10. Defendant is "an employer" within the meaning of Section 14(b) of the ADEA, 29 U.S.C. § 630(b). Defendant has employed 20 or more employees for each working day in each

of twenty or more calendar weeks in the current proceeding calendar year.  Defendant employed Mr. Hawthorn as that term is defined by the ADEA.

## V. STATEMENT OF FACTS

11. Mr. Hawthorn worked for Georgia-Pacific and its predecessors for nearly forty years.  He was terminated on December 2, 2016, at the age of 61.

12. At the time of his termination, Mr. Hawthorn was a Shift Supervisor, a position he had held for eight years.

13. Mr. Hawthorn was a loyal and high-performing employee.

14. In approximately June 2015, Defendant advised Mr. Hawthorn and the other employees at the Brewton Mill that the leadership structure of the mill would be changing. Specifically, the five Shift Supervisors would be replaced by two Unit Coaches.

15. Mr. Hawthorn and his cohorts were told that if their positions were eliminated, they would be offered severance packages.

16. Before the transition occurred, Mr. Hawthorn was abruptly terminated on December 2, 2016.

17. Georgia-Pacific informed Mr. Hawthorn that the reason for his termination was that he had improperly changed the rate of pay for a subordinate employee.

18. Mr. Hawthorn did not change the pay rate for this employee.

19. Normally, this incident would be a routine matter of simply reversing an incorrect entry in the payroll system, especially because the mill was changing its pay structure and much confusion abounded regarding correct pay rates.

20. The day before Mr. Hawthorn was terminated, Frank Grace, another Shift Supervisor who was sixty-two and had forty-two years of service with Georgia-Pacific was also

terminated for changing a pay rate. Mr. Grace was also a Shift Supervisor who had been promised severance if his employment was terminated as a result of the collapse of the five Shift Supervisor positions into the two Unit Coach positions.

21. Mr. Hawthorn is not aware of any other employees, other than Mr. Grace and himself, discharged for committing the same or similar alleged infraction.

22. In fact, a much younger Shift Supervisor, Eric Blancheri, had previously deliberately raised the pay of his subordinate employees without permission, and he was not terminated.

23. Georgia Pacific used this alleged infraction to terminate Mr. Hawthorn because of his age.

24. Georgia Pacific subsequently refused to pay Mr. Hawthorn his promised severance benefits.

25. Upon information and belief, Georgia Pacific replaced Mr. Hawthorn with a much younger employee, Chip (LNU).

26. As a result of Defendant's actions, Plaintiff has suffered extreme harm.

**VI. CAUSE OF ACTION**

    **A. Violation of the ADEA**

27. Plaintiff reavers and realleges the foregoing as if fully set out herein.

28. Georgia Pacific willfully discriminated against the Plaintiff on account of age in violation of the ADEA, 29 U.S.C. § 623(a)(1), with respect to its decision to discharge Plaintiff from employment and deny him due severance benefits.

29. Plaintiff was the age of 40 and therefore a protected person under the Age Discrimination in Employment Act. He was adversely affected by an employment decision of the Defendant.

30. Plaintiff was qualified for his former position and performed his job well.

31. Georgia Pacific's decision to terminate Hawthorn constitutes an intent to discriminate on the basis of age.

32. Defendant's unlawful and discriminatory termination of his employment on account of his age violates the provisions of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq.,* justifying an award, *inter alia*, of reinstatement, backpay, front pay, benefits and liquidated damages against the Defendant.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendant as follows:

A. For a money judgment representing lost wages, including lost overtime compensation, and all other sums of money, including loss of benefits including retirement, severance, pension, seniority, and other benefits of employment, together with interest on said amounts, as well as front pay and post judgment interest;

B. For a money judgment representing liquidated damages for Defendant's willful violations of the Age Discrimination in Employment Act;

C. For an Order directing the Defendant to reinstate the Plaintiff into the position he would have occupied absent discrimination;

  D. For a declaratory judgment that the employment policies, practices, procedures, conditions and customs of Defendant are violative of the rights of Plaintiff as secured by the ADEA;

  E. For a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with Defendant and at Defendant's request from continuing to violate the ADEA;

  F. That the Court retain jurisdiction over this action until the Defendant has fully complied with the Orders of this Court and that the Court require the Defendant to file such reports as may be necessary to supervise such compliance;

  G. For the costs of suit, including an award of reasonable attorneys' fees and expenses; and

  H. For such other and further relief as may be just and proper.

**PLAINTIFF RESPECTFULLY DEMANDS A TRIAL BY STRUCK JURY**

Respectfully Submitted this 6th day of November, 2016:

  /s/Abby M. Richardson
Abby M. Richardson (RICHA3209)
**RICHARDSON LAW FIRM, LLC**
118 North Royal Street
Suite 100
Mobile, Alabama 36602
251-338-1695
abby@richardsonlawllc.com

        */s/ Celia Collins*
Celia J. Collins (COLLC1368)
JOHNSTONE ADAMS, LLC
One St. Louis St, Suite 4000
Mobile, AL 36602-3930
Phone:  251-432-7682
Fax:     251-432-2800
cjc@johnstoneadams.com

*Counsel for Plaintiff*

7